UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE AUTOMOTIVE MACHINISTS PENSION TRUST,<br><br>                Plaintiff,<br><br>    v.<br><br>ROSS ISLAND SAND AND GRAVEL COMPANY,<br><br>                Defendant. | CASE NO. C19-2088 RSM<br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |

This matter is before the Court on the motion by the Board of Trustees of the Automotive Machinists Pension Trust ("Plaintiff") seeking default judgment after Defendant, the Ross Island Sand and Gravel Company, has failed to appear and defend. For the following reasons, the Court grants the motion.

Defendant is a signatory to a "collective bargaining agreement ("CBA") with the International Association of Machinists and Aerospace Workers, District Lodge No. 24."[1] Dkt.

---

[1] For the purposes of Plaintiff's motion for default judgment, the Court accepts the allegations of the Complaint as true. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (citing *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977)).

ORDER – 1

1  #1 at ¶ 5.  The CBA "incorporates the terms of the Trust Agreement governing the Automotive
2  Machinists Pension Trust."  *Id.* at ¶ 7.  Defendant has failed to submit contributions required
3  under the CBA and Trust documents, in violation of sections 502 and 519 of the Employee
4  Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145.  *Id.* at ¶ 8.
5  Specifically, Defendant has not made required monthly contributions from July 2019 to July
6  2020.  *Id.* at ¶¶ 9–14; Dkt. #10 at ¶ 13.

7        The Court has jurisdiction to grant default judgment in this action and finds that entry of
8  default judgment is appropriate.  This action is brought under provisions of ERISA, a federal
9  statute conferring subject matter jurisdiction upon the Court.  *See also*, 28 U.S.C. § 1331.
10 Further, Defendant was served within the District and is within the Court's personal jurisdiction.
11 Dkt. #5.  On February 7, 2020, Defendant was ordered to be in default.  Dkt. #8.  After accepting
12 the allegations of Plaintiff's complaint as true, *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915,
13 917–18 (9th Cir. 1987), the Court finds that Defendant's liability is sufficiently established, *Eitel*
14 *v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  The Court has considered the *Eitel* factors[2]
15 and concludes that on the whole the *Eitel* factors support the entry of default judgment.
16 Accordingly, the Court elects to exercise its discretion to enter default judgment.  *Alan Neuman*
17 *Prods. Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) ("Clearly, the decision to enter a
18 default judgment is discretionary.").

---

[2] The *Eitel* factors include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

ORDER – 2

1   The Court therefore considers the appropriate measure of damages. As provided by

2 ERISA, in an action, such as this, for unpaid contributions, brought by the fiduciaries of a trust

3 to enforce Section 515 of ERISA, the trust is entitled to liquidated damages, interest, attorney

4 fees and costs:

5    In any action under this subchapter by a fiduciary for or on behalf of a plan to
     enforce section 515 in which a judgment in favor of the plan is awarded, the court
6    shall award the plan–
        (A) the unpaid contributions,
7       (B) interest on the unpaid contributions,
        (C) an amount equal to the greater of–
8          (i) interest on the unpaid contributions, or
           (ii) liquidated damages provided for under the plan in an amount not in
9          excess of 20%. . .
        (D) reasonable attorney's fees and costs of the action, to be paid by the
10       defendant, and
        (E) such other legal or equitable relief as the court deems appropriate.
11

12 29 U.S.C. § 1132(g)(2).

13   Plaintiff, by testimony from the administrator's Control Department Supervisor,

14 establishes that Defendant has not made the monthly remittances for the period July 2019 to July

15 2020. Dkt. #10 at ¶¶ 12–13. The total in unpaid contributions for this period is $23,350.27. *Id.*

16 at ¶ 17. The CBA and Trust Agreement further provide for the award of liquidated damages of

17 twenty (20) percent and interest at the maximum rate allowed under state law. *Id.* at p.27.

18 Plaintiff seeks the maximum allowed interest under Washington State law—twelve percent—

19 and sufficiently explains the manner in which both liquidated damages and interest are calculated.

20 *Id.* at ¶¶ 14–22. Plaintiff additionally provides the necessary calculations for both liquidated

21 damages and interest due through August 10, 2020. *See generally*, Dkt. #10. The Court finds

22 adequate support for the amounts requested and awards liquidated damages in the amount of

23 $3,964.05 and interest in the amount of $1,295.50.

24

ORDER – 3

Lastly, Plaintiff seeks an award of attorneys' fees and costs under both ERISA and the CBA and Trust Agreement. Dkt. #9 at 4 (citing 29 U.S.C. 1132(g)(2)(D) and Dkt. #10 at p.27). Plaintiff provides adequate support for the costs incurred in pursuing this matter, Dkt. #11 at 7, and the Court awards costs in the amount of $448.00. The Court does not find adequate support for an award of attorneys' fees in this matter. Plaintiff's counsel avers that her hourly rate is $260 and that she billed 4.4 hours of time in this matter. Dkt. #11 at ¶¶ 4–5. Plaintiff's counsel also attaches a detailed time record of the actions purportedly taken in this case. Dkt. #11 at 5. However, the attached billing record does not appear related to this action as it refers to a garnishment proceeding and claims time for the "review of garnishment pleadings" after the pleadings in this action were already filed and because the time of work performed does not line up to the events occurring in this case. *Id.* The Court presumes that the disconnect may be attributed to filing errors and the denial is accordingly without prejudice. Plaintiff may seek attorneys' fees and an amended judgment within fourteen days of this order.

Accordingly, and having reviewed Plaintiff's motion, the declarations and exhibits submitted in support, and the remainder of the record, the Court finds and ORDERS:

1. Plaintiff's Motion for Default Judgment (Dkt. #9) is GRANTED.
2. The Clerk shall enter judgment in favor of the Board of Trustees of the Automotive Machinists Pension Trust and against Ross Island Sand and Gravel Company in the amount of $29,057.82.
3. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961.
4. Plaintiff may seek an award of attorneys' fees and an amended judgment within fourteen (14) days of this Order.

ORDER – 4

Dated this 19th day of October, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 5